# No. 12-10616

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**UNITED STATES OF AMERICA,**
Plaintiff - Appellee

v.

**MICHAEL BLAINE FAULKNER,**
Defendant - Appellant

Appeal from the United States District Court
For the Northern District of Texas
Dallas Division
District Court No. 3:09-CR-249

### UNITED STATES' MOTION TO DISMISS THE APPEAL

The government moves for dismissal of Michael Faulkner's appeal. The appeal should be dismissed because Faulkner waived his right to bring it. Should the Court deny this motion, the government requests an extension of 30 days to file a brief on the merits.

Faulkner waived his right to appeal. His plea agreement included a waiver of his right to appeal from his conviction and sentence, (R/1116),

which the district court specifically reviewed with Faulkner when he pled guilty. (Rearraignment Trans. at 22-23.) Specifically, the waiver provides:

> Faulkner waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. He further waives his right to seek any future reduction in his sentence (e.g., based on a change in sentencing guidelines or statutory law). Faulkner, however, reserves the rights (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment that is applicable at the time of his initial sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, or (c) to bring a claim of ineffective assistance of counsel that influenced the voluntariness of the plea or waiver.

(R/1116.)

Faulkner claims on appeal that his sentence is both substantively and procedurally unreasonable. While conceding that he waived his right to appeal, Faulkner argues that his waiver is invalid because (1) he was unaware at the time of the agreement that he would be given an unreasonable sentence; and (2) the sentence exceeds the statutory demand of reasonableness, which he attempts to shoehorn into the waiver's "exceeds the statutory maximum" exception. (Brief at 15-16.) The record and binding authority, however, demonstrate that the waiver applies and bars this appeal.

"To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, the Court conducts a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether

the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Faulkner does not claim that his waiver was unknowing or involuntary, and the record clearly shows it was both knowing and voluntary. At rearraignment, Faulkner affirmed that he had voluntarily waived his rights to appeal or to bring any post-conviction collateral challenges except for the limited circumstances provided in the plea agreement. (Rearraignment Trans. at 22.) The district court found that Faulkner's waiver was knowing and voluntary. (*Id.* at 23.)

Further, both of his contentions are meritless and ignore the plain language of the waiver. If his first contention – that he was unaware at the time of the agreement that he would be given an unreasonable sentence – were successful, then appellate waivers would be meaningless because defendants would be able to avoid the waiver whenever they believe they received an unreasonable sentence. Moreover, this Court has already rejected an analogous argument. *See United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002) (upholding waiver of ineffective assistance claim against argument that one cannot validly waive constitutional violations that have not yet occurred). It has also dismissed countless appeals with just such waivers, even though the

waiver preceded the sentencing. *See also United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) ("To be valid, a defendant's waiver of his right to appeal must be informed and voluntary. A defendant must know that he had a 'right to appeal his sentence and that he was giving up that right.'") (*citing United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992)).

Faulkner's second argument – that the sentence exceeds the statutory demand of reasonableness – likewise fails. The "statutory maximum" in the waiver obviously refers to the maximum punishment authorized by statute for the offense, not section 3553(a)'s "demand of reasonableness."

Because Faulkner "can point to no evidence in the record that his explicit waiver, included in the written plea agreement and signed by [him] and his counsel, was not informed and voluntary," this appeal should be dismissed. *United States v. Hoctel*, 154 F.3d 506, 508 (5th Cir. 1998) (dismissing the appeal based on an appellate waiver); *see also United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (same).

## CONCLUSION

Given the above facts and authorities, this Court should enforce the appellate waiver and dismiss the appeal. Should the Court deny this motion, the government requests an extension of time of 30 days from the denial to respond to Faulkner's brief.

Respectfully submitted,

Sarah R. Saldaña
United States Attorney

*s/ Wes Hendrix*
Wes Hendrix
Assistant United States Attorney
Texas Bar No. 24041086
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8684
wes.hendrix@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that I conferred with R. Christopher Goldsmith, counsel for Faulkner, regarding this motion.  Faulkner is opposed to dismissal, but unopposed to the alternative request for an extension of time.

*s/ Wes Hendrix*
Wes Hendrix
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that this document was served on Faulkner's attorney, R. Christopher Goldsmith, through the Court's ECF system on August 1, 2013, and that: (1) any required privacy redactions have been made; (2) the electronic submission is an exact copy of the paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

*s/ Wes Hendrix*
Wes Hendrix
Assistant United States Attorney